IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY CHARLES MAY                                                                                       PLAINTIFF

v.                                      Civil No. 4:20-cv-04110

ROBERT GENTRY, Sheriff Sevier County;
ERIN HUNTER, Deputy Prosecutor; TOM COOPER,
Judge; and CHRIS WOLCOTT, Jail Administrator
Sevier County Detention Center                                                                         DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Timothy Charles May pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff is currently incarcerated in the Sevier County Detention Center ("SCDC") in DeQueen, Arkansas. Plaintiff filed his Complaint on December 22, 2020. (ECF No. 1). However, Plaintiff failed to sign the Complaint and his application to proceed *in forma pauperis* was incomplete. On January 25, 2021, in response to this Court's order, Plaintiff returned a signed copy of the Complaint and filed a completed IFP application. (ECF No. 5). His IFP application was granted that same day.

Plaintiff asserts that, at the time of the alleged incident, he was "in jail and still awaiting trial on pending criminal charges" and that he has been detained without charges for more than 48 hours. (ECF No. 1, p. 3). Plaintiff names the following individuals as Defendants in this action: Robert Gentry, Sheriff of Sevier County; Erin Hunter, Deputy Prosecutor; Tom Cooper, Circuit

Judge in Sevier County; and Chris Wolcott, the Jail Administrator for the SCDC. Plaintiff brings suit against all Defendants in both their individual and official capacities. Plaintiff asserts three claims and is seeking compensatory damages.

Plaintiff describes Claim One as "illegal detainment & false imprisonment". (ECF No. 1, p. 4). He alleges Defendant Gentry has detained him illegally as he has been incarcerated since October 10, 2020, without charges and was denied an attorney. *Id.*

Plaintiff describes Claim Two as "illegal detainment, false imprisonment." (ECF No. 1, p. 5). Plaintiff alleges Defendants Gentry, Hunter, and Cooper have had him detained for over two (2) months and "don't know what they are going to charge me with." *Id.* Plaintiff adds that he is being detained on a $100,000 bond with no charges. *Id.*

Plaintiff describes Claim Three as "illegal detainment & false imprisonment." (ECF No. 1, p. 6). He alleges that Defendant Hunter has not filed charges, but he remains detained. *Id.* Plaintiff also claims that Judge Cooper stated "he didn't know what Hunter was going to charge me with so I am detained for 2.5 month[s] without legal pending charges." *Id*.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted

sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Defendant Gentry

In each of his claims Plaintiff alleges Defendant Gentry, Sheriff of Sevier County, has illegally detained him in the SCDC with no pending charges, denied him due process, and denied him the right to counsel. The Court finds that Plaintiff has sufficiently stated individual and official capacity claims against Defendant Gentry at this stage in the litigation. Accordingly, Claims One, Two, and Three against Defendant Gentry shall proceed. Service of this Defendant will be addressed in a separate order.

### B. Defendant Hunter

Defendant Hunter is a Deputy Prosecuting attorney. Plaintiff's claims against Defendant Hunter must be dismissed because, as a prosecutor, she is immune from suit. The Supreme Court, in *Imbler v. Pachtman*, established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 427 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."[1] *Id.* at 430. *See also Brodnicki v. City of Omaha*, 75

---

[1] The Court recognizes that Prosecutors have additional duties that precede their role as an advocate for the State. In preparing to bring criminal charges and in preparing for trial, a prosecutor is often required to act as an administrator or investigator rather than an officer of the court. As acknowledged in *Imbler v. Pachtman,* the Court must distinguish those acts intimately associated with the judicial phase of the criminal process from acts done as an administrator or in an investigative capacity. *Id.*

F.3d 1261 (8th Cir. 1996) (holding that a county prosecutor was entitled to absolute immunity from suit because his actions were determined to be closely related to his role as an advocate for the state). Plaintiff has failed to allege that Defendant Hunter's conduct was not closely related to her duties as a prosecuting attorney. Plaintiff has not shown that Defendant Hunter engaged in any conduct other than that required to initiate a prosecution against Plaintiff. Accordingly, Defendant Hunter is entitled to absolute immunity, and the claims against her are dismissed with prejudice.

### C. Defendant Cooper

Defendant Cooper is a state court judge who presided over Plaintiff's criminal proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability"). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. Plaintiff has failed to allege any action by Defendant Cooper that was non-judicial or taken without jurisdiction. Therefore, Defendant Cooper is immune from suit, and the claims against him are dismissed with prejudice.

### D. Defendant Wolcott

Although Plaintiff listed Defendant Wolcott in the caption of his Complaint, he has not made any allegations against him. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th

Cir.1999). Plaintiff has failed to make any specific allegations against Defendant Wolcott, and the Court finds that the Complaint against him must be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's individual and official capacity claims against Defendant Gentry shall proceed. Plaintiff's claims against Defendant Hunter and Defendant Cooper are **DISMISSED WITH PREJUDICE** and Defendant Wolcott is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 2nd day of March, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge